IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RENEE N. GALLOWAY, )
)
       Plaintiff, )
)
v. ) Civil Action No. 3:11CV481–HEH
)
BLUEGREEN VACATION CLUB, )
)
       Defendant. )

## MEMORANDUM OPINION
(Defendants' Motion to Dismiss Complaint)

Plaintiff Renee N. Galloway filed a *pro se* Amended Complaint (Dk. No. 4), on September 2, 2011, alleging Defendant Bluegreen Vacation Club ("Bluegreen") entered into an "ultra vires" contract with Plaintiff, violating the law of usury, as well as Federal Banking Law 12 U.S.C. § 24(7). This matter is presently before the Court on Defendant Bluegreen Vacation Club's Motion to Dismiss (Dk. No. 7), filed on September 27, 2011. The parties have submitted memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons discussed herein, the motion will be granted.

### I.

The events giving rise to this litigation apparently center around a contract entered into by both parties concerning the sale of a multi-site timeshare plan. Plaintiff's

Amended Complaint fails to provide any of the contractual details beyond a single reference to the contract. However, in her Response to Defendant's Motion to Dismiss, Plaintiff indicates that she entered into a contract with Bluegreen to purchase a multi-site timeshare plan on November 25, 2008. (Pl. Resp. to Def. Mot. to Dismiss Compl. at 1.) According to the terms of the contract, the sales price of the timeshare property totaled $23,372.80, including $11,950.00 for the the purchase price of the property itself, as well as finance charges of $11,422.80. The total sales price was to be paid in 120 monthly installments of $182.94, with the first payment due to Bluegreen on February 2, 2009. (Pl. Resp. Def. Mot. to Dismiss Compl., Ex. A).

Plaintiff then allegedly contacted Bluegreen to request documentation regarding Bluegreen's authority to loan credit to customers under its corporate charter. (Pl. Resp. to Def. Mot. Dismiss at 2.) On September 2, 2011, Plaintiff filed suit in this Court, alleging that the contract entered into by the parties was "ultra vires and violates the law of usury." (Am. Compl. at 1). Specifically, Plaintiff appears to allege that the inclusion of financing charges in the total purchase amount financed by Bluegreen constitutes an improper and illegal lending of credit. (Pl. Resp. Def. Mot. Dismiss Compl. at 1.) Plaintiff also claims an unspecified violation of 12 U.S.C. § 24(7), as well as lack of consideration for the contract. Plaintiff seeks to void the timeshare purchase contract with Bluegreen, and to retract any negative credit bureau recording resulting from her business with Bluegreen. She also seeks relief in the form of monetary damages totaling $85,129.65. (Am. Compl. at 2.)

On September 27, 2011, Bluegreen filed their Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6), alleging that Plaintiff failed to plead any facts to support a claim upon which relief could be granted. Plaintiff has responded, and Bluegreen has replied.[1]

## II.

Rule 8 of the Federal Rules of Civil Procedure provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Traditionally, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. . . . [I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

*Bell Atlantic Corp. v. Twombly* amplified the standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). Although Rule 8 does not require "detailed factual allegations," it does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555. As Judge Niemeyer noted in *Francis v. Giacomelli*, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

---

[1] Plaintiff also filed a Response to Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss. The Court will not consider this document, however, as Plaintiff failed to obtain leave of the Court pursuant to Local Civil Rule 7(f).

3

Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557 (internal citation omitted). A complaint achieves facial plausibility when it contains sufficient factual allegations to support a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 555 U.S. ___, 129 S. Ct. 1937, 1949 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193. In short, the Court must assume the plaintiff's well-pleaded factual allegations to be true, and determine whether those allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

This Court, however, is mindful of the latitude extended to the pleadings of *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se ] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the *pro se* plaintiff); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555. Similar to plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Conclusory statements and insufficient factual allegations will not survive a motion to dismiss under Rule 12(b)(6), even when asserted by *pro se* plaintiffs.

### III.

In the immediate case, even affording Plaintiff the utmost latitude as a *pro se* litigant, her Amended Complaint fails to allege any facts sufficient to state a claim for relief. Plaintiff's Amended Complaint merely claims that some unspecified contract is "ultra vires and violates the law of usury . . . [and] Federal Banking Law 12 USC 24(7)." (Am. Comp. at 1.) Plaintiff fails to elaborate on the nature of the contract or provide any facts explaining how exactly the contract violates these laws.

Even if the Court were to go beyond the pleadings to consider the additional details provided in the Plaintiff's Response, the Plaintiff has not stated a plausible claim. In her Response to Defendant's Motion to Dismiss Complaint, Plaintiff produces a contract entered into with Bluegreen on November 25, 2008, for the purchase of a multi-site timeshare plan. According to Plaintiff's Response, the contract is "ultra vires and void" and Bluegreen "is in violation of usury laws in that they did charge interest on credit and not money." (Resp. Def. Mot. Dismiss Compl. at 1.)

Pursuant to Virginia Code § 6.2-303, "[e]xcept as otherwise permitted by law, no contract shall be made for the payment of interest on a loan at a rate that exceeds 12 percent per year." Va. Code Ann. § 6.2-303. To constitute usury there must be a loan of money or a forbearance of an existing indebtedness. Without such, there can be no violation of any usury law. *See Brill v. Smeltzer*, 29 Va. Cir. 292 (1992); *Kidd v. Brothers*, 212 Va. 197, 183 S.E.2d 140 (1971). A "loan" is an advancement of money

5

under a contract or stipulation, whereby the person to whom the advancement is made binds himself to repay the sum at some future time, together with such other sum as may be agreed upon for the use of the money advanced. In the context of usury laws, "forbearance" denotes a contractual obligation of a lender to refrain from requiring a borrower to repay a debt for a certain period time. *Brille*, 29 Va. Cir. at 292.

It is well settled under Virginia's usury law, however, that such laws do not apply to bona fide sales transactions. *Graeme v. Adams*, 64 Va. (23 Grat.) 225, 234 (1873). "There is, in such case, no element of a loan, nor any forbearance of a debt in the sense of the statute." *Id; see also General Electric Credit Corp. v. Lunsford*, 209 Va. 743, 748, 167 S.E.2d 414, 418 (1969). Thus, Virginia usury law does not apply to the instant case, where Plaintiff purchased a timeshare estate from Bluegreen. As a result, Plaintiff's claim that the contract is ultra vires and violates Virginia's usury laws is dismissed.

Turning next to Plaintiff's claim that Bluegreen violated 12 U.S.C § 24, both the Complaint and Response to the Motion to Dismiss fail to provide even a shred of factual evidence concerning any alleged violation of this statute. Furthermore, as a statutory provision governing national banking associations, in is unclear how the statute would even apply to Bluegreen—a vacation ownership provider. Consequently, this claim must be dismissed as well.

The same shortcomings also plague Plaintiff's allegation that the contract lacks "lawful consideration." Both the Complaint and Response fail to allege any facts to support a claim for lack of consideration. In her Response, Plaintiff makes general statements regarding consideration. However, she neglects to provide even a hint as to

how her contract with Bluegreen was deficient. For that reason, this portion of her complaint must also be dismissed.

## IV.

Because Plaintiff's Amended Complaint fails to state a claim upon which this Court can grant relief, the Court GRANTS Defendant's motion and dismisses the Amended Complaint without prejudice.

An appropriate Order shall accompany this Memorandum Opinion.

                                              /s/
                                        Henry E. Hudson
                                        United States District Judge

Date: Jan 13 2012
Richmond, VA